EBENEZER SMITH *vs.* THE MAYOR AND ALDERMEN OF THE
CITY OF BOSTON.

A mandamus will not lie to compel the county commissioners, or the mayor and aldermen
of the city of Boston, to revise their decision upon the merits of the claim of an owner of
land for damages sustained by the construction of a railroad.

An order of the county commissioners, or of the mayor and aldermen of the city of Boston,
passed on a petition, presented by the owner of land taken by a railroad corporation for
the construction of their road, for the assessment of his damages, " that this board will
proceed no further in the premises, and that the respondents be hence discharged and go
thereof without day," is a final adjudication that the petitioner has sustained no damage,
and warrants him in applying to have his damages assessed by a jury.

PETITION FOR A MANDAMUS. The petitioner set forth that
on the 31st of December 1846 he presented his petition to the
mayor and aldermen of the city of Boston, praying them to

assess his damages sustained from the taking of certain of his land in Boston, by the Boston and Maine Railroad, for the construction of their railroad, according to Rev. Sts. *c.* 39, § 60: That said corporation, having been duly notified, appeared and filed their answer, to which the petitioner filed a replication; that the corporation afterwards filed a rejoinder, and the petitioner a surrejoinder: That thereupon the mayor and aldermen did adjudicate and determine as follows: " And now upon the foregoing petition, answer, replication, rejoinder and surrejoinder, and the matters therein respectively alleged, and the proofs thereupon produced, it appears to the mayor and aldermen," &c. (the order then stated the facts, relied on in the pleadings, as found by the mayor and aldermen.) " Whereupon it is considered and ordered by the said mayor and aldermen, that this board will proceed no further in the premises, and that the said respondents be hence discharged, and go thereof without day." And the petitioner averred that the refusal of the mayor and aldermen further to proceed in the matter of his petition, was against right and contrary to law, and deprived the petitioner of the remedy provided for him by the statute. Wherefore he prayed this court to grant him a writ of mandamus, commanding the mayor and aldermen to proceed with the matter of said petition, and assess the damages sustained by the petitioner as aforesaid.

The mayor and aldermen, in their answer, alleged that, pursuant to the statute, they had estimated the damages claimed by the petitioner in his petition filed before the board on the 31st of December 1846, and had adjudicated and determined in relation thereto that he had sustained no damage, which he was by law entitled to recover against the Boston and Maine Railroad, as alleged in said petition; and further, that upon the allegations and proofs no case existed, requiring any estimate of damages to be made by this board; and that this board did thereupon order and determine in the premises, that it would proceed no further; but that the said Smith, in relation to his said petition, go without day; and that the determination and adjudication aforesaid was in all respects legal, valid, and final,

so far as related to the action of the board in the premises; and they stated further, that after the said adjudication, and within the time limited by law, Smith duly filed his petition in the court of common pleas for this county, setting forth that he was aggrieved by said adjudication, and applying for a jury, to the end that the said adjudication might be revised and reversed; which petition was now pending in that court. Wherefore the respondents prayed that they might be dismissed.

*W. H. Gardiner & W. Whiting*, for the petitioner.

*S. Bartlett & G. Minot*, for the respondents.

SHAW, C. J. The only question before the court is, whether the mayor and aldermen of the city of Boston, exercising in this respect the powers of county commissioners in other counties, have made a final adjudication upon the petitioner's claim for damages, either allowing or disallowing the same.

The proper purpose of a writ of mandamus, is to require a tribunal of special, peculiar or inferior jurisdiction, to take cognizance of a case properly brought before them, and decide upon it one way or the other. But it is not the province of this court, on an application for a mandamus, to revise the decision of such a tribunal on its merits. If a petitioner feels aggrieved by an adverse decision, his course is to make an application to the court of common pleas for a jury, under Rev. Sts. *c.* 39, § 57, and *c.* 24, § 55, in the nature of an appeal. When the commissioners decide that the petitioner is entitled to no damage, they pass a judgment on the subject of damages, as fully as if they had estimated some damage, with which the petitioner was dissatisfied. *Carpenter* v. *County Commissioners*, 21 Pick. 287. In that case, the court did grant a mandamus; but it was because it was the duty of the same tribunal, first, to adjudge on the question of damage, and if they found that the petitioner had sustained no damage, then, if he were dissatisfied, to issue a warrant for a jury, to enable him to have their judgment revised in a due course of law. Having adjudged that the petitioner had sustained no damage, the other branch of their duty remained, which was to issue a warrant, on the application of the petitioner, which was a ministerial duty, and

which they declined to perform. The mandamus was granted, to require them to issue their warrant for a jury.

In the present case, if the mayor and aldermen have finally decided on the subject, they have done their whole duty; it was not their province to issue a warrant, but it was for the petitioner himself to proceed at once with his application to the court of common pleas. So the question here is, as before stated, whether they have made such a decision. It appears that the petitioner has, in fact, applied for a jury, and we have no doubt that the order passed by the mayor and aldermen is a final decision or adjudication by them upon the matter. See *Tappan* v. *Bruen*, 5 Mass. 195, 196; *Monagle* v. *County Commissioners*, 8 Cush. 362. Perhaps the order would have been more precise, accurate and intelligible, if it had stated, in terms, that the petitioner had sustained no damages. But the last clause in this order, "that the said respondents be hence discharged and go thereof without day," a very common form of judgment, especially in proceedings not strictly according to the course of the common law, is intelligible enough; and the order is clearly a final adjudication. There is therefore no ground for issuing a mandamus.             *Petition dismissed.*